## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NIGEL JABBAR SCOTT, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. CIV-09-1306-D |
| | ) | |
| GREG PROVINCE, WARDEN and | ) | |
| DREW EDMONDSON, ATTORNEY | ) | |
| GENERAL, STATE OF OKLAHOMA | ) | |
| | ) | |
| Respondents.[1] | ) | |

## REPORT AND RECOMMENDATION

Petitioner, Nigel Jabbar Scott, appearing *pro se*, has filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 [Doc. #1] challenging the constitutionality of his state court conviction. Respondents have filed a Response [Doc. #7], and Petitioner has filed a Reply [Doc. #13]. The matter is now at issue. For the reasons set forth below, it is recommended that the petition be denied.

### I.  Procedural History

Petitioner was convicted, after jury trial, of Counts I and II, Distribution of a Controlled Dangerous Substance, in violation of Okla. Stat. tit. 63, § 2-401, Case No. CF-2008-27, in the District Court of Stephens County, State of Oklahoma. The jury found

---

[1]In this habeas action brought pursuant to 28 U.S.C. § 2254, Petitioner challenges his conviction and sentence on Counts I and II, Distribution of a Controlled Dangerous Substance, in violation of Okla. Stat. tit. 63, § 2-401, Case No. CF-2008-27, District Court of Stephens County, State of Oklahoma. Petitioner is subject to future custody as to this conviction and sentence as Petitioner is currently serving a conviction and sentence on Taking/Receiving Stolen Credit or Debit Card, Case No. CF-2006-263, District Court of Stephens County. Accordingly, in addition to Greg Province, the warden of the facility where Petitioner is currently incarcerated, the Attorney General of the State of Oklahoma is a proper respondent. *See* Rule 2(b), Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner guilty after one prior felony conviction and set punishment at ten years imprisonment on Count I and 18 years imprisonment on Count II. The trial court sentenced Petitioner in accordance with the jury's recommendation and ordered the sentences to run consecutively.

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA). The OCCA affirmed Petitioner's conviction. *See* Petition, Exhibit 2, OCCA Summary Opinion; *see also* Response, Exhibit 4. Petitioner did not seek post-conviction relief.

## II. Factual Background

Petitioner was the subject of investigation for drug distribution by the drug task force of the District Attorney's Office for the Sixth District, State of Oklahoma. The task force arranged a controlled buy of crack cocaine from Petitioner by a confidential informant. The confidential informant bought crack cocaine from Petitioner on two separate occasions, December 26, 2007, and January 7, 2008. The controlled buys took place at a house at 90 East Magnolia Street in Duncan, Oklahoma. As a result of these controlled buys, Petitioner was arrested on charges of distribution of a controlled dangerous substance.

## III. Grounds for Federal Habeas Corpus Relief

In this habeas action, Petitioner raises the following two grounds for relief: (1) Petitioner was denied a fundamentally fair trial as a result of the admission of other crimes evidence; and (2) failure to instruct the jury on the defense of entrapment denied Petitioner

a fundamentally fair trial. Petitioner raised both of these grounds for relief on direct appeal of his conviction.[2]

## IV. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) standards of review apply to Petitioner's grounds for relief as those grounds were adjudicated on the merits by the state courts. *See Turrentine v. Mullin*, 390 F.3d 1181, 1188 (10th Cir. 2004). Under AEDPA, this Court may grant Petitioner habeas relief only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Under this standard, judicial review is directed to the result of the state appellate court's decision, not its reasoning. *See Gipson v. Jordan*, 376 F.3d 1193, 1197 (10th Cir. 2004) ("[W]e defer to the [state court's] decision unless we conclude that its result – not its rationale – is 'legally or factually unreasonable'").

Whether the law is clearly established is a threshold inquiry. *See House v. Hatch*, 527 F.3d 1010, 1017-1018 (2008), *cert denied*, 129 S.Ct. 1345 (2009). The absence of clearly established federal law is dispositive of the § 2254(d)(1) analysis. *Id*. at 1017. Thus, only if the court determines the law is clearly established does it proceed to determine whether the

---

[2]In the Petition, Petitioner makes reference to another conviction, Case No. CF-2006-263, District Court of Stephens County, State of Oklahoma. But, Petitioner only raises grounds for federal habeas relief related to the trial in Case No. CF-2008-27. It appears Petitioner references the conviction in Case No. CF-2006-263 because as noted, *see supra* footnote 1, Petitioner is currently in custody and serving the sentence on this conviction.

3

state court decision is either contrary to or an unreasonable application of that law. *Id.* at 1018.

A state court decision is "contrary to" clearly established federal law for purposes of § 2254 if "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from" the result reached by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). It is not enough that the state court decided an issue contrary to a lower federal court's conception of how the rule should be applied; the state court decision must be "diametrically different," "opposite in character or nature," or "mutually opposed" to the Supreme Court decision itself. *Id.* at 406. A state court decision involves an "unreasonable application" of federal law if "the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. **"**AEDPA's conception of objective unreasonableness lies 'somewhere between *clearly* erroneous and unreasonable to all reasonable jurists.'" *House*, 527 F.3d at 1019 (*quoting Maynard v. Boone*, 468 F.3d 665, 670 (10th Cir. 2006)). "Thus, 'only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254.'" *Id.* (*quoting Maynard*, 468 F.3d at 671)). As the Supreme Court recently emphasized, "AEDPA prevents defendants – and federal courts – from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 130 S.Ct.1855, 1866 (2010).

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1).

V. **Analysis**

    A. **The Admission of Other Crimes Evidence Did Not Deprive Petitioner of a Fundamentally Fair Trial**

Petitioner claims in Ground One of the Petition that the admission of other crimes evidence deprived him of a fundamentally fair trial. In support of this claim for relief, Petitioner relies on the fact that, over the objection of defense counsel, the State was allowed to introduce testimony about a search warrant executed at 90 East Magnolia in Duncan, Oklahoma, the house where Petitioner sold crack cocaine to the confidential informant as part of controlled buys on two separate occasions, December 26, 2007 and January 7, 2008. The search was executed on January 11, 2008, just days after the second controlled buy took place. The police used the information and intelligence received from the two controlled buys to apply for the search warrant. *See* Record [Doc. #9], Transcript of Jury Trial Proceedings (Tr.), Vol. I at 147.

Officer Dowdle testified about the execution of the search warrant. He testified that during the search he found Petitioner and another individual hiding in the garage. Tr. Vol.

II at 279. He also found in the garage multiple bags of controlled substances as well as drug paraphernalia. Tr. Vol. II at 280-281, 283.

Prior to Officer Dowdle providing this testimony, defense counsel lodged an objection, reinstating a prior objection to this line of questioning. Tr. Vol. II at 276; *see also* Tr. Vol. I at 10-14. The Court gave the jury the following cautionary instruction before allowing Officer Dowdle's testimony:

> BY THE COURT: . . . Ladies and Gentlemen, I'm going to give you a cautionary Instruction. You're about to hear some evidence concerning evidence that may be concerning an offense other than that charged in the Information in this case.
>
> In this regard, the Court must instruct you not to consider this evidence in any way tending to prove the guilt or innocence of the Defendant of the specific offenses for which he is charged in this Information.
>
> The Court further instructs you that the evidence that you're about to receive would be solely on the issue of the Defendant's alleged motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident.
>
> This evidence may be considered by you only for the limited purpose for which I have instructed you that you may receive it.

Tr. Vol. II at 276-277. The jury was also given a written instruction as to the limited purpose for which this evidence could be received. *See* Record at 114, Jury Instruction No. 11.

The OCCA addressed this claim on direct appeal and found that the evidence was properly admitted for the limited purpose of establishing Petitioner's scheme to distribute

6

controlled dangerous drugs. *See* OCCA Summary Opinion at 2 ("We find the evidence of other crimes, wrongs, or bad acts obtained in the search warrant was admitted for a limited purpose to show Appellant's scheme to distribute controlled dangerous drugs.") (citation omitted). As the Tenth Circuit has observed, "[t]he OCCA has repeatedly allowed the admission of evidence of other crimes to prove motive, common scheme, identity, plan, knowledge, or absence of mistake or accident." *Hale v. Gibson*, 227 F.3d 1298, 1321 (10th Cir. 2000) (*citing Huskey v. State,* 989 P.2d 1, 3 (Okla.Crim.App.1999); *Douglas v. State*, 951 P.2d 651, 673 (Okla.Crim.App.1997)).

The clearly established federal law governing habeas review of admission of other crimes evidence is found in the Due Process Clause of the Fourteenth Amendment which provides a mechanism for relief "when 'evidence is introduced that is so unduly prejudicial that it renders the trial fundamentally unfair.'" *Welch v. Sirmons*, 451 F.3d 675, 688 (10th Cir. 2006), *abrogated on other grounds in Wackerly v. Workman*, 580 F.3d 1171 (10th Cir. 2009) (*quoting Payne v. Tennessee*, 501 U.S. 808, 825 (1991)). *See also Hopkinson v. Shillinger*, 866 F.2d 1185, 1197 (10th Cir.1989) (on habeas review, a state court's admission of evidence of other crimes does not warrant habeas relief unless "the probative value of such evidence is so greatly outweighed by the prejudice flowing from its admission that the admission denies the defendant due process of law."). Here, the admission of evidence related to the execution of the search warrant just days after the second controlled buy was properly admitted to show Petitioner's scheme to engage in drug distribution. Any prejudice stemming from admission of this evidence was outweighed by its probative value on the

7

issue of intent to distribute. There was no violation of due process by its admission particularly when considered in conjunction with the limiting instructions provided to the jury. The OCCA's determination of this issue is not contrary to or an unreasonable application of clearly established federal law, nor is it an unreasonable determination of the facts in light of the evidence presented. Ground One of the Petition, therefore, should be denied.

### B. Failure to Instruct the Jury on the Defense of Entrapment Did Not Deprive Petitioner of a Fundamentally Fair Trial

In his second ground for relief, Petitioner claims the trial court erred in refusing to instruct the jury on the defense of entrapment. He contends that the evidence presented at trial supported giving such an instruction under Oklahoma law. Rejecting this claim on direct appeal, the OCCA, citing *Johnson v. State*, 731 P.2d 424, 426 (Okla. Crim. App. 1986), determined there was no evidence at trial to support the defense of entrapment and, therefore, that the trial court properly declined to instruct on the defense. *See* OCCA Summary Opinion at 2.

The Supreme Court has held that the defense of entrapment is not constitutionally mandated. *See United States v. Russell*, 411 U.S. 423, 433 (1973); *see also Vega v. Suthers*, 195 F.3d 573, 583 (10th Cir. 1999) (analyzing Supreme Court precedent and holding that entrapment is a "non-constitutional, limited term of art"). However, Oklahoma law provides that "where the defense of entrapment is fairly raised by the evidence, the burden of proof is upon the State to show beyond a reasonable doubt that the accused was not entrapped and

the jury must be so instructed." *Lee v. State*, 655 P.2d 1046, 1047 (Okla. Crim. App. 1982). Thus, while an entrapment defense is not constitutionally mandated, if it constitutes a viable defense under state law, a failure to give such an instruction could give rise to a due process violation. *See Leech v. Hines*, 151 Fed. Appx. 710, 712 (10th Cir. Oct. 25, 2005) (unpublished op.) (recognizing that "this Circuit has not made clear whether the failure of a state court to issue a jury instruction for entrapment when proper under state law is a violation of the Due Process Clause of the Fourteenth Amendment that can be raised as part of a habeas petition") (*citing Vega*, 195 F.3d at 583 (declining to reach "that distinct and possibly more troubling question."));³ *compare Ross v. Parker*, 304 Fed. Appx. 655 (10th Cir. Dec. 19, 2008) (unpublished op.) (stating that generally "'a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor'" (*quoting Mathews v. United States*, 485 U.S. 58, 63 (1988)), and that the OCCA's decision not to issue an entrapment instruction was "not an unreasonable application of Supreme Court precedent, nor did the decision rest on an unreasonable determination of the facts presented at [the petitioner's] trial.") .

Oklahoma law provides that entrapment requires proof that the defendant was induced by law enforcement agents to commit a crime which he otherwise would not have committed, but for the trickery of the officer. *Dodd v. State*, 879 P.2d 822, 827 (Okla. Crim. App. 1994)

---

³In *Leech*, the Tenth Circuit determined that it "need not reach the issue" because the OCCA had determined there was not sufficient evidence to warrant a jury instruction on entrapment and the OCCA's determination was not "'an unreasonable determination of the facts in light of the evidence presented.'" *Id*. at 712 (*quoting* 28 U.S.C. § 2254(d)(2)).

(*citing Carney v. State*, 679 P.2d 1303, 1304 (Okla. Crim. App. 1984)). "'To determine whether entrapment has been established, a line must be drawn between the trap for the unwary innocent and the trap for the unwary criminal.'" *Id*. (*quoting Sherman v. United States*, 356 U.S. 369, 372-373 (1958)). Thus, even where a defendant has been induced to commit a crime, he is not entitled to the entrapment defense if he was otherwise predisposed to commit it. *Id*.

The State's evidence established that police were conducting an investigation of Petitioner with regard to drug distribution and, with the assistance of a confidential informant, set up a controlled buy from Petitioner. Tr. Vol. I at 108, 109. The confidential informant made two separate buys of crack cocaine from Petitioner. First, on December 26, 2007, the informant arrived at an address provided to him by the police, 90 East Magnolia, Duncan, Oklahoma. Tr. Vol. I at 111. Petitioner was not present at the residence and the informant had to call Petitioner and wait for him to arrive. Tr. Vol. I at 112-113, 120, 179-180. Once Petitioner arrived, the informant purchased a quantity of crack cocaine from Petitioner. Tr. Vol. I at 114-115, 184-186. The informant was equipped with audio and visual recording devices and the transaction was recorded. Tr. Vol. I at 115, 179. Once the purchase was complete, the informant met with police and provided the crack cocaine and recording devices to the police. Tr. Vol. I at 115-116, 187.

With regard to the first controlled buy, Petitioner claims a right to an instruction on the defense of entrapment based on the fact that he was not present at the residence at the time the confidential informant arrived. His claim lacks merit. The evidence shows

Petitioner arrived at the residence within ten minutes of the informant contacting him. Tr. Vol. I at 180. The evidence further shows Petitioner completed the transaction with the informant and sold the crack cocaine to him. There is no evidence of any coercion by the informant to initiate and/or complete the transaction nor do the facts support any inference that the confidential informant or the police set up a "trap for the unwary innocent." Instead, the evidence clearly shows Petitioner was predisposed to commit the crime.

The second purchase occurred on January 7, 2008. Tr. Vol. I at 128-130. The confidential informant encountered Petitioner on the street. Tr. Vol. I at 188-189. Petitioner got into a vehicle with the confidential informant and thereafter proceeded to the residence at 90 East Magnolia after stopping first at a convenience store. Tr. Vol. I at 130-131, 189, 191. The confidential informant again bought a quantity of crack cocaine from Petitioner at the residence. Tr. Vol. I at 132, 192-194. Petitioner left the residence with the confidential informant in the vehicle and was dropped off at another residence a short distance away. Tr. Vol. I at 133. This transaction was also recorded with visual and audio equipment. Tr. Vol. I at 129, 133. The confidential informant provided the crack cocaine and recording equipment to the police immediately thereafter. Tr. Vol. I at 133-134, 195-196.

Petitioner contends he was entitled to an instruction on the defense of entrapment as to the second purchase because the confidential informant first encountered Petitioner on the street and had to drive Petitioner to the residence on Magnolia Street before completing the transaction. Again, Petitioner fails to demonstrate that the confidential informant or the

11

police set up a "trap for the unwary innocent." Instead, the evidence clearly shows Petitioner was predisposed to commit the crime.

The trial court declined to instruct the jury on the defense of entrapment because there was insufficient evidence to warrant such an instruction (*see* Tr. Vol. II at 291-292), and the OCCA, applying Oklahoma law, agreed. Petitioner has failed to establish the OCCA's determination of this issue resulted in a decision that is contrary to or an unreasonable application of clearly established federal law or that the OCCA's determination of the facts is unreasonable in light of the evidence presented. Accordingly, Ground Two of the Petition should be denied.

## RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus [Doc. #1] be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by July __16th__, 2010. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

DATED this  25th  day of June, 2010.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE