# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NIGEL JABBAR SCOTT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. CIV-09-1306-D |
| | ) | |
| GREG PROVINCE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER**

Petitioner, a state prisoner appearing *pro se,* brought this action for a writ of habeas corpus. In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Valerie K. Couch for initial proceedings. Respondent filed a response to the petition, and Petitioner filed a reply. Thereafter, the Magistrate Judge filed a Report and Recommendation [Doc. No. 14] in which she recommended the petition be denied.

In the June 25, 2010 Report and Recommendation, the Magistrate Judge expressly advised Petitioner of his right to object to the Report and Recommendation, and she scheduled a July 16, 2010 deadline for filing objections. The Magistrate Judge also cautioned Petitioner that his failure to timely object would constitute a waiver of the right to appellate review of the matters set forth in the Report and Recommendation.

Despite this admonition, Petitioner did not object to the Report and Recommendation. Instead, on July 2, 2010, he filed a Request to Dismiss Petition for Writ of Habeas Corpus without Prejudice [Doc. No. 15]. Therein, he does not object or even refer to the Report and Recommendation. Instead, in a motion filed almost seven months after this action commenced, he

states "other possible grounds" for habeas relief may be available to him. He does not identify any prospective claim or basis for potential habeas relief, but states the "other possible grounds" would require that he first seek post-conviction relief in the state court and otherwise exhaust his state remedies before pursuing another habeas claim. He asks the Court to dismiss this action without prejudice, thus allowing him to raise all available grounds at a later date. Petitioner acknowledges the strict requirements regarding the filing of second or successive habeas actions, and he openly states his purpose in seeking dismissal without prejudice is to avoid having to satisfy those requirements in a later action.

Because it constitutes a civil case, a habeas action is governed by the Federal Rules of Civil Procedure, which apply to all civil actions in the federal courts. *See* Fed. R. Civ. P. 1. Where a procedural matter is not addressed in the Rules Governing Habeas Corpus Cases, courts apply the Federal Rules of Civil Procedure. Dismissals without prejudice are governed by Fed. R. Civ. P. 41(a); accordingly, where an answer has been filed, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The Court has discretion to determine whether dismissal is proper, and considers factors such as the opposing party's effort and expense, excessive delay and lack of diligence on the part of the movant, insufficient explanation of the need for a dismissal, and the present stage of the litigation. *Brown v. Baeke*, 413 F. 3d 1121, 1124 (10th Cir. 2005). The foregoing is not an exhaustive list, as the Court should consider the particular circumstances of each case. *Id.*

In this case, Petitioner's motion was not filed until almost seven months after the case commenced. The parties fully briefed the issues raised by Petitioner. More important, prior to the motion's filing, the Magistrate Judge filed a lengthy Report and Recommendation in which she

2

recommended denial of the petition on the merits, finding no basis for habeas relief on any claim asserted.

The Tenth Circuit Court of Appeals has held that, where a magistrate judge has filed a Report and Recommendation recommending a disposition adverse to the petitioner, a voluntary dismissal without prejudice is properly denied. *Hurd v. Mondragon*, 851 F.2d 324, 329 (10th Cir. 1988). In *Hurd*, as in this case, a Report and Recommendation had been filed by the Magistrate Judge to whom the matter was referred, but the district court had not yet entered a final order. Following the filing of the Report and Recommendation, the petitioner moved to dismiss his petition without prejudice. According to the Circuit:

> Although the request to withdraw the petition came before there was final disposition of the petition by the district court, it came after the magistrate had filed his report. Hence, although the final resolution of the matter was not set in concrete at the time the motion to withdraw was filed, there was nonetheless some rather clear handwriting on the wall in the form of the magistrate's report. Under such circumstances, the district court did not abuse its discretion in denying the motion to withdraw petition.

*Id.*

Where a Report and Recommendation concludes that a petitioner has failed to fully exhaust state remedies on his claims, dismissal without prejudice may be granted to permit him to exhaust those claims. *See, e.g., Clark v. Tansy*, 13 F. 3d 1407, 1412 (10th Cir. 1993). However, the Report and Recommendation in this case does not conclude that Petitioner has failed to exhaust his state remedies; instead, it recommends denial of habeas relief on the merits. Although Petitioner's motion suggests possible additional claims will require exhaustion in the state courts, he fails to identify those claims and offers no explanation for his failure to previously pursue them. A request to exhaust "unarticulated claims" does not mandate granting a motion to dismiss without prejudice.

3

*Id.* As the Seventh Circuit has noted, "a petitioner for habeas corpus cannot be permitted to thwart the limitations on the filing of second or successive motions by withdrawing his first petition as soon as it becomes evident that the district court is going to dismiss it on the merits." *Felder v. McVicar*, 113 F. 3d 696, 698 (7th Cir. 1997).

Accordingly, under the circumstances of this case, the Court concludes that Petitioner's motion for voluntary dismissal should be denied. The motion was filed after the Report and Recommendation was filed of record, and it recommended denial of his claims on the merits. Petitioner identifies no specific claims which remain to be exhausted, and he asserts no other arguments which would justify authorizing dismissal without prejudice at this stage of the case.

Because Petitioner did not object to the Report and Recommendation, a *de novo* review is not required. The Report and Recommendation [Doc. No. 14] is adopted as though fully set forth herein. Petitioner's habeas claims are DENIED; his motion to dismiss without prejudice [Doc. No. 15] is DENIED.

IT IS SO ORDERED this 24th day of November, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE